UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JASON A. CALHOUN,

    Petitioner,

v.                                                  CASE NO: 5:12-cv-478-Oc-30PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

**ORDER**

Petitioner, by and through undersigned counsel, brings this timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #10), and Petitioner's Reply (Dkts. #18, #20). Upon review, the Court determines that the petition must be denied because the claims are waived.

**BACKGROUND**

Petitioner, Jason Calhoun, was the defendant in three state court proceedings (Case Numbers: 2008-CF-1846, 2008-CF-1856, and 2008-CF-3323). (Dkt. #1, p. 2). On March 19, 2009, four days before trial, Petitioner asked the trial court for a continuance. The prosecutor advised the court the state was prepared to go to trial and intended to use the following evidence at trial: 1) Petitioner's shoes which contained glass matching the glass broken in case number 2008-CF-1846; 2) the

1

positive results from a gunshot residue test conducted on Petitioner; 3) the firearm used in case number 2008-CF-1846; and 4) phone calls in which Petitioner admitted to committing the burglaries.  The state's evidence also included the arrest affidavits for each case and the proffers of co-defendants Whitney Osborne and Tiffany Ford.

Whitney Osborne testified to Petitioner's involvement in all three cases. In case number 2008-CF-3323, she stated she drove Petitioner to the Dollar General Store where he used something "kind of like a crowbar" ("Crowbar") to break in through the back and then returned to the vehicle with phones.  In case number 2008-CF-1856, she testified Petitioner opened a garage with the crowbar and got "the wallet out of the car in the garage."  And in case number 2008-CF-1846, she stated Petitioner got out of the car with a gun, popped the door, broke the glass, entered the Gas-N-Shop, and returned with a computer and a carton of cigarettes. She further testified that upon fleeing the scene, Petitioner had left the gun in a garbage can and they had to return to retrieve the gun.  While retrieving the gun, a vehicle pulled up, and Petitioner fired the gun into the air to scare away the potential witness.

Tiffany Ford testified that, although she was under the influence of drugs, she remembered Petitioner leaving the Gas-N-Shop with a laptop and carton of cigarettes. She also remembered Petitioner firing a gun out the window as they left the scene.

The arrest affidavits included additional evidence. In case number 2008-CF-3323, the arrest affidavit states the rear door to the Dollar General Store had been

2

pried open, pre-paid cellular phones were missing, and Petitioner's blood was found at the scene. In case number 2008-CF-1856, the affidavit states Petitioner was found with a stolen credit card, burglary tools (with fresh glass on them), two types of Xanax pills, 3 crack pipes, five stolen cellular phones (still in wrappers), and a 20 gauge shotgun shell. Finally, in case number 2008-CF-1846, the affidavit states a witness, Mary Morris, approached the store, saw broken glass, left the scene, returned at the request of dispatch, and upon return, heard three shots fired from a small, grey vehicle exiting the scene. The owner of the store reported cigarettes and a laptop computer were missing.

Upon hearing that both the defense and the State were prepared for trial, the Judge denied Petitioner's motion to continue, and left the case on the docket for trial the following Monday. Later that same day, Petitioner returned to the courthouse and entered no contest pleas to the charges in all three cases. *Id.* The court accepted the plea after questioning Petitioner about the knowing and voluntary nature of the plea, adjudicated him guilty, and sentenced him to the bargained for sentence in each case.

In case number 2008-CF-1846, Petitioner was sentenced to: 1) principal to burglary of a structure with a firearm (twenty years); 2) principal to grand theft (five years); 3) possession of a firearm while engaged in a criminal offense (fifteen years); 4) possession of a stolen firearm (five years); 5) possession of a firearm by a convicted felon (fifteen years); 6) possession of ammunition by a convicted felon (fifteen years); 7) principal to possession of burglary tools (five years); and 8)

3

principal to criminal mischief (credit for time served). (Ex. A, p. 31-33). In case number 2008-CF-1856, Petitioner was sentenced to: 1) principal to burglary of a structure (five years); 2) principal to burglary of a conveyance (five years); 4) principal to possession of Alprazolam (five years); 5) principal to possession of paraphernalia (time served); 7) principal to grand theft (more than $300, less than $20,000) (five years); 9) burglary of a dwelling (fifteen years); and 10) fraudulent use of a credit card. (five years) *Id*. In case number 2008-CF-3323, Petitioner was sentenced to: 1) burglary of a structure (five years) and 2) grand theft (five years). Petitioner, facing a possible life sentence had he gone to trial, was given concurrent sentences, the longest of which was 20 years in prison.

Petitioner pursued a direct appeal in the three cases. The appellate court affirmed per curiam. *Calhoun v. State*, 22 So.3d 89 (Fla. 5th DCA 2009). While the direct appeal was pending, Petitioner filed a petition for a writ of habeas corpus with both the Florida Supreme Court and the court of appeals. The Supreme Court transferred the matter to the trial court as a motion for post-conviction relief. The appellate court dismissed the petition because Petitioner failed to show cause why the petition should not be dismissed.

Counsel for Petitioner then filed a Rule 3.850 post-conviction motion for relief raising four claims of ineffective assistance of counsel for: 1) failing to inform Petitioner that no factual basis existed for four of the charges against Petitioner; 2) failing to inform Petitioner that two of the charges against Petitioner were barred on double jeopardy grounds; 3) coercing Petitioner into signing a "guilty" plea

4

agreement; and 4) failing to file a motion to withdraw Petitioner's plea. The trial court summarily denied the motion. (Dkt. 10, p. 16). Petitioner appealed but only raised the first three claims. The appellate court affirmed the trail court's ruling per curiam. *Calhoun v. State*, 75 So.3d 292 (Fla. 5th DCA 2011).

Petitioner then filed a second motion for post-conviction relief, raising three grounds of ineffective assistance of counsel for failing to: 1) & 2) suppress evidence and 3) advise Petitioner of a defense. The trial court summarily denied the second motion because it was procedurally barred. Petitioner appealed and the appellate court affirmed per curiam. *Calhoun v. State*, 88 So.3d 958 (Fla. 5th DCA 2012).

## STANDARD OF REVIEW

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given the benefit of the doubt).

Pursuant to 28 U.S.C. § 2254(a) "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the

5

judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. at 792; *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim;

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law. *Mitchell v. Esparaza*, 540 U.S. 12, 17 (2003). "[A] state court's decision is not 'contrary to...clearly established Federal

6

law' simply because the court did not cite [Supreme Court] opinions…[A] state court need not be aware of [Supreme Court] precedents, 'so long as neither reasoning nor the result of the state-court decision contradicts them.'" *Id.* at 16 (quoting *Early v. Packer*, 537 U.S. 3, 7-8 (2002)). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citation omitted). A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

In order for ineffective assistance of counsel to be grounds for habeas relief Petitioner must satisfy the test establish in *Strickland v. Washington*. This requires a showing that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance, which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding could have been different." *Id.* at 694. "[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).

## **RIGHT TO COLLATERALLY ATTACK SENTENCE**

Petitioner waived his claims of ineffective assistance of counsel by entering a plea of nolo contendere. "An individual who enters a plea of nolo contendere waives all nonjurisdictional defects." *U.S. v. Broome*, 628 F.2d 403, 404 (5th Cir. 1980). Thereby, Petitioner is limited to bringing a claim: 1) that the indictment failed to state an offense; 2) that the statute is unconstitutional; or 3) that the statute of limitations bars prosecution. *Id* at 405. The Florida Supreme Court took a similar approach in *Chesebrough v. State*, finding "[a] plea of nolo contendere admits all the facts which are well pleaded and waives all formal defects in the proceeding of which the accused could have availed himself by a plea of not guilty or motion to quash." 255 So.2d 675, 677 (Fla. 1971).

This reasoning applies equally to claims of double jeopardy. In *Novaton v. State*, the Florida Supreme Court stated the general rule: "a plea of guilty and subsequent adjudication of guilt precludes a later double jeopardy attack on the conviction and sentence." 634 So.2d 607, 609 (Fla. 1994). The second district has held one may still challenge whether the plea was knowing or voluntary. *Rogers v. State*, 2013 WL 692534 (2d DCA Feb. 27, 2013). But the rule remains that claims asserting double jeopardy are waived with the entry of a knowing and voluntary plea of nolo contendere.

Petitioner has waived all claims in the current action by entering into a valid plea. A valid plea requires that the plea be entered both knowingly and voluntarily.

*U.S. v. Brown*, 117 F.3d 471, 476 (11th Cir. 1997). In the *Waiver of Rights and Agreement to Enter Plea*, signed by Petitioner, he acknowledged:

> I have been advised by my attorney that I hereby waive my right to appeal the judgment and sentence of this court, except appellate review of appropriate collateral issues. "Appropriate collateral issues" would include, without limitation, the following: 1) lack of subject matter jurisdiction by the Circuit Court, Fifth Judicial Circuit, Lake County, Florida; 2) illegality of the sentence; 3) failure of the State to abide by the foregoing plea agreement; and 4) the voluntary and intelligent nature of your plea.

(Ex. A, p. 5). Further, the court, after placing Petitioner under oath, questioned him as to the *Waiver of Rights and Agreement to Enter Plea.*

> **Court:** Mr. Calhoun, did you read and understand the contents of the document called *Waiver of Rights and Agreement to Enter a Plea?*
>
> **Petitioner:** Best of my knowledge.
>
> **Court:** Did your attorney explain it to you?
>
> **Petitioner:** Yes, sir.
>
> **Court:** You need to speak up a little louder.
>
> **Petitioner:** Yes, sir.
>
> **Court:** Okay. Did you sign this document?
>
> **Petitioner:** Yes, sir.

The court also questioned Petitioner as to his knowledge of the rights he would be waiving by entering a plea:

> **Court:** And do you understand that by entering these pleas you're waiving your right to continue on to a jury or trial before this Court, waiving your right to be represented by an attorney at those trials, waiving

9

>your right to confront and cross examine witnesses that might be called against you, waving your right to subpoena and have witnesses testify in your own behalf, waiving your right to testify yourself or to remain silent, and if you chose to remain silent, waiving your right to have the Court instruct the jury to disregard that silence as any evidence of guilt, waiving your right to have the State prove each charge beyond a reasonable doubt before you can be found guilty of that charge, and waiving your right to appeal except by appropriate collateral attack? Do you understand all those rights that you're waiving by entering this plea?
>
>**Petitioner:** Yes, sir.
>
>**Court:** Do you understand your also waiving any defenses that you believe that you might have to any of these charges?
>
>**Petitioner:** Yes, sir.

As a result of this conversation, Petitioner had knowledge of the consequences of entering such a plea. The court then addressed the voluntary nature of Petitioner's plea.

>**Court:** Are you entering your plea here today freely and voluntarily?
>
>**Petitioner:** Yes, sir. I pressured, but, yes, sir.
>
>**Court:** Well, then let's do that. Nobody's forcing you to do this against your will, are they?
>
>**Petitioner:** (No audible response)

**Defense Counsel:** Is that a no?

**Court:** Is that a no?

**Petitioner:** No.

**Court:** Okay. Nobody's threatened you or coerced you in any way to do this against your will?

**Petitioner:** No

**Court:** Okay. Are you now under the influence of any alcohol, drug, or medications?

**Petitioner:** No, sir.

(Ex. A, p. 113). Based on Petitioner's own sworn answers, there is no indication he was forced, threatened or coerced into taking the plea deal. The *Waiver of Rights and Agreement to Enter Plea* also addressed the voluntary nature of Petitioners plea. It states "[n]o person has used any threats, force, pressure or intimidation to induce me to enter the plea outlined above." (Ex. A, p. 35). Consequently, the petition must be denied because the claims were waived when Petitioner entered a valid plea.

## **DISCUSSION**

Although each ground was waived through the entry of a plea of nolo contendere, each would have failed on the merits had it not been waived. Each ground will now be addressed, but only to explain why each ground lacks merit.

Petitioner asserts the following grounds for relief: ineffective assistance of trial counsel for: 1) failing to inform Petitioner that no factual basis existed for four of the charges against him; 2) failing to inform Petitioner that two of the charges

11

against him were barred on constitutional double jeopardy grounds; 3) coercing Petitioner to sign a plea agreement; 4) failing to file a motion to withdraw his no contest plea; 5) failing to file a motion a motion to suppress evidence produced through Deputy Sylvester's search; and 6) failing to file a motion to suppress evidence that was the product of a k-9's alert to his vehicle. Calhoun raised grounds one-four on the first motion for post-conviction relief and grounds five and six on the second.

**<u>Ground One:</u>**

Petitioner claims his counsel was ineffective for failing to inform Petitioner that no factual basis existed for four of the charges against him. The four charges are: burglary of a structure with a firearm, possession of a firearm while engaged in a criminal act; burglary of a dwelling; and principal to grand theft.

While Petitioner now blames his lawyer for not informing him of the factual basis for the charges against him, the record show he admitted such facts existed. Petitioner signed the *Waiver of Rights and Agreement to Enter Plea*, which states:

> I wish to enter my plea to the offense(s) as set forth above because I am guilty or/ do not contest the charge(s) and I have no other reason<u>. I stipulate and agree that there are sufficient facts that exist to support the charges(s)</u> and I have no other reason. <u>I stipulate and agree that there are sufficient facts that exist to support the charge(s) to which I am entering my plea.</u> I do not require the State to tell the Judge the facts upon which the charge is based before the Judge accepts my plea, and I agree that the Judge may rely upon any probable cause statement or violation of probation affidavit in the court file for a factual basis to justify the acceptance of my plea or admission.

(Emphasis supplied). And Petitioner agreed the Judge could rely on the probable cause statements and affidavits in the court file for a factual basis. At the hearing,

defense counsel acted consistently with Petitioner's admission by stipulating to the facts "based upon the affidavits in the court file and the other contents of the court file," which would include the proffers of the co-defendants. (Ex. A, p. 140).

Petitioner now challenges his lawyer's stipulation based on *Dydek v. State,* but this case is factually different. 400 So.2d 1255 (Fla. 2d DCA 1981). In *Dydek,* the facts to which defense counsel stipulated did not support the charge. In the present case, the record contained sworn affidavits from three different police officers, proffers from Petitioner's two co-defendants, and other independent evidence. This evidence was more than sufficient to support Petitioner's charges thereby distinguishing this case from *Dydek*.

**Ground Two:**

In ground two, Petitioner claims counsel was ineffective for failing to inform him two charges were barred by double jeopardy. Petitioner first claims double jeopardy based on counts one and three in case # 2008-CF-001846. The second claim of double jeopardy is based on counts five and six of the same case.

As for the first claim, Petitioner fails to demonstrate deficient performance on the part of counsel. Under both state and federal law, offenses are separate if one requires proof of an element that the other does not. *See* Florida Statute section 775.021(4)(a); *See also Blockburger v. U.S.*, 284 299, 303 (1932). Count one (the offense of armed burglary with a firearm) requires proof of 1) entering or remaining in a structure, without consent, 2) with the intent to commit an offense therein, and 3) during the course of the burglary is or becomes armed with a dangerous weapon

13

within the structure. *See* Sections 810.02(1) and (2)(a), Fla. Stat. (2008). Count three (Possession of a firearm while engaged in a criminal offense) includes the elements of 1) committing or attempting to commit any felony, and 2) displaying, using, threatening or attempting to use a firearm. *See* Section 790.07(2), Fla. Stat. (2008). Upon attempting to enter the Gas-N-Shop with a firearm Petitioner committed count three, but upon "entering the structure" Petitioner committed the offense in count one. Further, the Florida Supreme Court has found that charges of armed burglary and grand theft of a firearm, arising from the same incident, do not violate double jeopardy. *Gaber v. State*, 684 So.2d 189, 192 (Fla. 1996). Thereby, Counsel was not deficient in failing to claim double jeopardy on counts one and three.

As for the second claim of double jeopardy, even if counsel was deficient for failing to recognize a double jeopardy violation, Petitioner fails to show prejudice. For count one, Petitioner was sentenced to twenty years, while for counts three, five, and six he was sentenced to fifteen years for each. The sentences for counts three, five and six were to run concurrently with each other and the twenty years for count one. Even if counts three and six had been dismissed, Petitioner would still stand convicted of counts one and five and face a twenty-year sentence. In other words, the end result of the proceeding would have been the same. Consequently, Petitioner fails to satisfy *Strickland.*

**Ground Three:**

Petitioner claims ineffective assistance of counsel for coercing him into signing a plea deal. The plea allowed Petitioner to serve only 20 years, rather than the mandatory life sentence as a prison release re-offender had he been convicted at trial. Considering this generous plea agreement, Petitioner fails to show deficient performance on the part of counsel or prejudice resulting therefrom. And the record demonstrates Petitioner was not coerced into signing the plea agreement. As discussed above, the court specifically asked Petitioner if he was coerced into signing the plea and his response, under oath, was "no." Consequently, Petitioner fails to satisfy *Strickland.*

**Ground Four:**

In ground four, Petitioner claims deficient performance on the part of counsel for failing to withdraw his plea. Petitioner asserts that, after being sentenced, he wrote defense counsel a letter and Petitioner's grandmother called defense counsel, both asking him to withdraw the plea. Petitioner fails to furnish a copy of the letter or proof of the phone call. And Petitioner fails to show a reasonable likelihood that the court would have allowed a withdrawal of the plea after Petitioner had admitted to the crime.

As explained in the "Discussion" section above, Petitioner's plea was entered on a Thursday to avoid a trial set for the following Monday. The court accepted his plea, adjudicated him guilty, and sentenced him to his bargained for sentence. Petitioner points to no facts in the record that would support a motion to withdraw

the plea. Had counsel filed the motion, it would have been denied. Failure to file a non-meritorious motion is not deficient performance, and Petitioner was not prejudiced. Therefore, this ground fails both prongs of *Strickland*.

**Grounds Five and Six:**

In grounds five and six, Petitioner claims ineffective assistance of counsel for failing to file a motion to suppress evidence produced through Deputy Sylvester's search of a vehicle after his K-9's determination of probable cause. Petitioner claims counsel should have suppressed the evidence because the Deputy lacked a reasonable suspicion to stop the vehicle and the dog was unreliable.

Petitioner did not raise these claims in a properly filed post-conviction motion. He raised it in his second motion, but the post-conviction court denied it because it should have been raised in his original motion. The post-conviction court cited *Joseph v. State* for support. (Ex. Y, p. 3). 976 So.2d 94, 95 (5th DCA 2008). In *Joseph,* the court determined a claim was procedurally barred in absence of a reason for failing to raise the grounds in the original post-conviction motion. 976 So.2d 94, 95 (5th DCA 2008). A federal court is precluded from reviewing a claim that has been defaulted under state law. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). A Petitioner can overcome such preclusion by demonstrating: (1) cause for his state-court default of a federal claim and prejudice therefrom or (2) a sufficient probability that the Court's failure to review the federal claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

The only cause Petitioner provides is ineffective assistance of counsel, which, as seen below, fails to satisfy *Strickland*.

Petitioner fails to show deficient performance on the part of counsel for failing to suppress the evidence from the K-9 search. In *Hunter v. State,* the Florida Supreme Court determined the legitimacy of a vehicle stop, pursuant to a "be on the lookout" (BOLO), based on 1) length of time and distance from the offense; 2) route of flight; 3) specificity of the description of the vehicle and its occupants; and 4) the source of the BOLO information. 8 So.3d 1052, 1064 (Fla. 2008). Here, Petitioner complains only about the lack of specificity of the description of the vehicle and its occupants. But, based on a witness description, a BOLO was issued describing the vehicle as a grey, newer, smaller vehicle. Within five minutes of the BOLO going out, the officer spotted Petitioner's vehicle on the same highway on which the victimized Gas-N-Shop was located.

As for the K-9, Petitioner argues the dog was unreliable because it was recently placed in service and the training certificate was not signed until after his arrest. But just because a K-9 is at the beginning of its service does not mean it is unreliable. Petitioner does not take issue with the sufficiency of the dog's training or the dog's reliability demonstrated during training. Petitioner only states there is a "reasonable probability that but for counsel's errors, the result of the proceeding would have been different." (Dkt. #1, p. 21). Claiming a "reasonable probability" is mere speculation: Petitioner must demonstrate the prejudice resulting from the deficient performance of counsel. And Petitioner makes no contention that had this

17

evidence been suppressed he would not have entered a plea. Other evidence in the case was sufficient to support the charges.

Therefore grounds five and six fail *Strickland.*

## CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has failed to establish he is entitled to federal habeas relief.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition for Writ of Habeas Corpus is DENIED.

2. The Clerk is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*

18

*v. Cockrell*, 537 U.S. 322, 355-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 26th day of June, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

F:\Docs\2012\12-cv-478 deny 2254 Ocala.docx